UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHRISTINA HAEGELE, individually
and as personal representative
of the estate of CHANCE HAEGELE,
deceased, for the benefit of his
estate and survivors,

       Plaintiff,

v.                           Case No.: 8:19-cv-2750-T-33CPT

GRADY JUDD, in his official capacity
as SHERIFF, POLK COUNTY, FLORIDA;
REGINALD GREEN, individually; and
JOSEPH HICKS, individually,

       Defendants.

_____/

**ORDER**

This cause is before the Court pursuant to Defendants Grady Judd, Reginald Green, and Joseph Hicks' Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. # 46), filed on May 8, 2020. Plaintiff Christina Haegele responded on May 22, 2020. (Doc. # 50). For the reasons that follow, the Motion is denied.

I. **Background**

On November 5, 2019, Haegele, individually and as personal representative of the estate of her deceased son

1

Chance Haegele, initiated this action against Judd, Green, and Hicks under Florida's Wrongful Death Act, Fla. Stat. § 768.16, and 42 U.S.C. § 1983 for violation of the Fourth Amendment of the U.S. Constitution. (Doc. # 1). On April 16, 2020, Haegele filed the second amended complaint. (Doc. # 44). Defendants filed their answer to the second amended complaint on April 30, 2020. (Doc. # 45).

On May 8, 2020, Defendants filed the Motion to Strike, seeking to strike paragraphs 70 and 71 of the second amended complaint. (Doc. # 46). These paragraphs read:

> 70. In the aftermath of Decedent's death, Sheriff Grady Judd, in a callous and cowardly attempt to deflect the negligent, reckless, and possibly criminal conduct of his poorly trained personnel, engaged in his standby media manipulation.
>
> 71. Judd, despicably and shamelessly, refused to accept any responsibility whatsoever for the mishandling of Defendant SHERIFF's response to Plaintiff's cry for help for Decedent.

(Doc. # 44 at ¶¶ 70-71).

Defendants seek to have the paragraphs stricken on the grounds that the "conclusory statements" of paragraphs 70 and 71 are "certainly immaterial, impertinent, and scandalous" and "have no possible relation to the controversy, confuse the issues of the case, and were clearly intended to prejudice

2

Defendant SHERIFF." (Doc. # 46 at 1-2). Haegele has responded (Doc. # 50), and the Motion is ripe for review.

## II. Discussion

The Federal Rules of Civil Procedure provide that the Court may strike "any redundant, immaterial, impertinent, or scandalous matter" from the proceedings. Fed. R. Civ. P. 12(f). "The purpose of a motion to strike is to clean up the pleadings, remove irrelevant or otherwise confusing materials, and avoid unnecessary forays into immaterial matters." Blake v. Batmasian, 318 F.R.D. 698, 700 (S.D. Fla. 2017).

Motions to strike are generally considered drastic and therefore disfavored and denied unless there is no possible relation between the allegations and the controversy. Falzarano v. Retail Brand Alliance, Inc., No. 07-81069-CIV, 2008 WL 899257, at *1 (S.D. Fla. Mar. 31, 2018). To ensure cases are decided on their merits, courts are reluctant to tamper with pleadings for fear of inadvertently "strik[ing] relevant material or thereby fail[ing] to address a relevant dispute." Silva v. Swift, 333 F.R.D. 245, 247 (N.D. Fla. 2019). Furthermore, facts that are merely "unpleasant for [one party] to have on the record" should not be stricken because "the same is true of many facts of life which are

entitled to be pleaded as relevant to a cause of action or a defense." Gateway Bottling, Inc. v. Dad's Rootbeer Co., 53 F.R.D. 585, 588 (W.D. Pa. 1971).

First, Defendants argue that these paragraphs are immaterial because "[a]ll of these alleged post-death actions have no factual or legal relevance to the elements of a wrongful death claim under [Section] 768.16 et seq., Florida Statutes" or to the Section 1983 claims. (Doc. # 46 at 2). The Court disagrees. A sheriff's actions and public statements after a shooting are material to an action brought under Section 1983. See Grandstaff v. City of Borger, 767 F.2d 161, 171 (5th Cir. 1985)("The disposition of the policymaker may be inferred from his conduct after the events of that night. . . . This reaction to so gross an abuse of the use of deadly weapons says more about the existing disposition of the City's policymaker than would a dozen incidents where individual officers employed excessive force. The policymaker's disposition, his policy on the use of deadly force, after August 11 was evidence of his disposition prior to August 11."). Therefore, paragraphs 70 and 71 are not immaterial or irrelevant.

The only remaining issue is whether paragraphs 70 and 71 are scandalous and should be stricken. "A matter is scandalous

if it is both grossly disgraceful (or defamatory) and irrelevant to the action or defense." Blake, 318 F.R.D. at 701 n.4 (S.D. Fla. 2017). Indeed, to be scandalous, the word choice must reflect cruelly on the defendant's moral character, be repulsive, or detract from the dignity of the Court. See Skadegaard v. Farrell, 578 F. Supp. 1209, 1221 (D.N.J. 1984)(holding that allegation that defendants "attempted to suborn perjury from witnesses" did not meet this standard of scandalousness because the allegation was "neither unnecessarily derogatory nor irrelevant to charges alleged by plaintiff").

Defendants cite only one case regarding scandalousness and rely upon it for the proposition that "superfluous descriptions [that are] not substantive elements of the cause of action . . . have no place in pleadings before the court." (Doc. # 46 at 3)(citing Alvarado-Morales v. Digital Equip. Corp., 843 F.2d 613 (1st Cir. 1988)). But the statements in that case, Alvarado-Morales, were far more disparaging than the statements at issue here. Alvarado-Morales, 843 F.2d at 618. In Alvarado-Morales, employees participating in a voluntary resignation program reported to a room for counseling and training. Id. at 615. In their pleadings, the employees described the room as a "concentration camp." Id.

5

at 618. They also compared their employers to "Chinese communists in Korea" who "tortured" and "brainwashed" employees. Id. The district court struck these words, and the court of appeals affirmed because these words had "no place in pleadings before the court." Id.; see also Collura v. City of Philadelphia, 590 F. App'x 180, 185 (3d Cir. 2014)(affirming striking of complaint that was "replete with abusive language" and referred to defendants as "creeps" and "scumbags"). The words at issue here, including "callous and cowardly" and "despicably and shamelessly" (Doc. # 44 at ¶¶ 70, 71), are tame in comparison to the words in Alvarado-Morales and Collura.

Indeed, the paragraphs at issue here are more similar to those in Lopez v. Williams, No. EDCV 17-882 JGB (SPx), 2017 WL 10560529 (C.D. Cal. Aug. 15, 2017). In Lopez, the plaintiff alleged the city's police officers had, among other offenses, arrested him using excessive force. Id. at *1. In the complaint, the plaintiff referred to the police department's alleged pattern of excessive force and unlawful detainment as the "Abuse & Accuse Policy" of the department. Id. at *2. The defendants sought to strike these words from the complaint, asserting they may improperly influence a jury and are scandalous. Id. at *12. The court found that the phrase was

not scandalous because, "[w]hile a jury may be influenced by this purportedly derogatory moniker, it is neither obviously false nor wholly unrelated to the subject matter of the action." Id.

The reasoning of Lopez applies equally here. The words in paragraphs 70 and 71 are descriptive of the Sheriff's behavior and are certainly editorialized. (Doc. # 44 at ¶ 70-71). But, again, the fact that a "somewhat derogatory" allegation may influence the jury does not alone support striking that allegation. Lopez, 2017 WL 10560529, at *12. Although Haegele's description of the events in these paragraphs could influence a jury to a degree, the Court does not believe the tone of these paragraphs will prejudice Defendants. These allegations — while negative — are not disgraceful or repulsive. A jury would understand that these words merely reflect Haegele's perspective regarding Judd's actions. In short, paragraphs 70 and 71 do not meet the high threshold of scandalousness.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendants Grady Judd, Reginald Green, and Joseph Hicks' Motion to Strike Portions of Plaintiff's Second Amended Complaint (Doc. # 46) is **DENIED.**

7

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of June, 2020.

                                                                                 _____
                                                                                 VIRGINIA M. HERNANDEZ COVINGTON
                                                                                 UNITED STATES DISTRICT JUDGE